UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20492-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ANTUAN FONTANE-MEDINA,

        Defendant.
_____/

## ORDER ADOPTING R&R AND DENYING MOTION TO SUPPRESS

This matter came before the Court on the Report and Recommendation [DE 103] of the Honorable Andrea M. Simonton recommending that Defendant Antuan Fontane-Medina's Motion to Suppress Statements [DE 58] be denied. The Court has reviewed Judge Simonton's Report and Recommendation ("R&R"), Defendant's Objections [DE 108], the Government's Response [DE 109], as well as the transcript of the three-day hearing held before Judge Simonton, the exhibits submitted at that hearing and the parties' briefing on the motion. Based on a *de novo* review of the evidence presented and the record in this case, the Court finds that Judge Simonton's findings of fact are not clearly erroneous, and in fact are amply supported by the record, and she has correctly applied the law to those facts. Therefore, the Court will overrule the Defendant's objections, adopt the thorough, well-reasoned R&R and deny the Motion to Suppress.

Defendant Fontane-Medina raises four objections to the R&R. He first objects to the finding that he was "not in custody" when he was questioned by U.S. Coast Guard Officer Rondon and that no Miranda warnings were required prior to questioning. As the record reflects and Judge Simonton correctly concluded, the questions Officer Rondon asked during the first 15 to 20 minutes were routine boarding questions and the Defendant's freedom of movement was not restrained to the

degree associated with an arrest. Thus, consistent with Eleventh Circuit precedent, the Defendant was not in custody and Miranda warnings were not required prior to questioning. Therefore, the objection to the denial of the motion to suppress as to these initial statements is overruled.

As his second objection, the Defendant disputes the factual finding that he "was not arrested or in custody when he was ordered removed from the private vessel NautiGal, and placed on board the U.S. Coast Guard cutter Sitkinak." It is not clear how this objection is relevant to the pending motion to suppress because the record does not indicate that any questions were asked of the Defendant while on the cutter. Moreover, Government has represented that it will not introduce any statements while the Defendant was in the custody of the U.S. Coast Guard. Perhaps the Defendant may have misread Judge Simonton's R&R at page 12. There, she simply states that the Defendant was not "placed under arrest" which accurately describes what occurred when the Defendant was transferred to the Sitkinak – he was not formally arrested. She makes no statement that he was not in custody. Furthermore, the record does indicate that while the Defendant was not handcuffed and permitted to use the rest room while on the cutter, the Government conceded that the Defendant was in the custody of the United States once placed on the cutter. [DE 94 at 69]. Therefore, this objection is overruled.

Defendant's third and fourth objections challenge Judge Simonton's legal conclusions. The third objection is to her conclusion that the delay in the processing of the Defendant by Customs and Border Protection (CBP) until 7:00 a.m. on July 12, 2011 was reasonable. Defendant's fourth objection is to her conclusion that the delay in presentment of the Defendant to a United States Magistrate Judge was reasonable under the particular facts of this case and therefore the statements the Defendant made to Homeland Security Investigator Agent Nader should not be suppressed. As Judge Simonton apply notes, this is a close case. The delays raise serious concerns. However, having conducted a *de novo* review, the Court must agree with Judge Simonton's thoughtful analysis

of the facts and law. Given the unique facts of this case, the delays were reasonable and the Defendant's presentment did not violate Federal Rule of Criminal Procedure 5(a). Therefore, the Defendant's motion to suppress his statements to Homeland Security Investigator Agent Nader must also be denied. For the reasons set forth in the R&R, the motion to suppress the statements made during the 15 to 20 minutes of the initial boarding and the statements made to Agent Nader must be denied. Therefore, it is

ORDERED that:

(1) Defendant Fontane-Medina's four objections to the R&R are OVERRULED.

(2) The Report and Recommendation of Magistrate Judge Simonton [DE-103] is RATIFIED, AFFIRMED, and made the Order of the District Court.

(3) Defendant Antuan Fontane-Medina's Motion to Suppress Statements [DE 58] is DENIED.

DONE AND ORDERED in Miami, Florida, this 26th day of December, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record